IN THE BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
MAR 27 2002
U.S. BANKRUPTCY COURT
BY_____ DEPUTY

IN RE:

ERIC RED § CASE NO. 01-13827-FM
§ CHAPTER 7

WILLA BAUM §
§
V. § ADVERSARY NO. 02-1010-FM
§
ERIC RED §

## DEFENDANT'S ANSWER TO PLAINTIFF WILLA BAUM'S FIRST AMENDED COMPLAINT TO DETERMINE DISCHARGABILITY OF DEBT AND OBJECTION TO DISCHARGE

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

COMES NOW Eric Red, Defendant and filed this his Answer to Plaintiff Willa Baum's First Amended Complaint to Determine Dischargability of Debt And Objection to Discharge and would show as follows:

1. Defendant admits the allegations of paragraph 1.

2. Defendant admits the allegations of paragraph 2.

3. Defendant admits that Plaintiff is listed as a disputed unsecured creditor in Debtor's Schedule F.

4. Defendant denies the allegations of paragraph 4.

5. Defendant denies that he wilfully and maliciously caused the wrongful death of Plaintiff's son. Defendant denies that he was suffering from depression resulting from recent personal and professional failures in his film career. Defendant admits that May 31, 2000 was

SS:tlh
2760/461

approximately the anniversary of his marriage which had ended several years previously. Defendant does not recall whether he was scheduled to pick up his daughter for a parental visit that day. Defendant denies that on previous occasions when he had canceled visits with his daughter, it was because he was suffering from depression. Defendant denies that he was driving his car down Wilshire Blvd. in Los Angeles, California at the time that he rear-ended another car stopped at a red light Defendant had been driving his car, but had lost consciousness prior to the impact. Defendant admits that his drivers license was suspended at the time of the collision, but he did not learn that fact until later. Defendant denies that he drove his vehicle away from the scene of the first collision at a high rate of speed. Defendant does not have personal knowledge as to what happened next. However, it is his understanding that after he passed out, his vehicle continued to accelerate and crossed the street impacting into a bar/restaurant known as Q's. Defendant was informed after the fact that his vehicle struck Noah Baum. Defendant lacks sufficient information to admit or deny whether Noah Baum was a first year attorney and top honors graduate who was celebrating after winning his first jury trial. Defendant admits that his vehicle came to a stop and that he intentionally slit his own throat with a shard of broken glass. Defendant admits that he was taken to the hospital for his self inflicted neck wound and was placed on suicide watch. Defendant admits that he was temporarily committed to the psychiatric ward at the UCLA Medical Center. This is standard procedure for suicide attempts.

6. Defendant denies the allegations of paragraph 6.

7. Defendant denies the allegations of paragraph 7.

8. Defendant denies the allegations of paragraph 8.

SS:tlh
2760/461

9. Defendant denies the allegations of paragraph 9.

10. Defendant denies the allegations of paragraph 10.

11. Defendant denies the allegations of paragraph 11.

12. Defendant denies the allegations of paragraph 12.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by pursuit.

        Respectfully Submitted,

        NAMAN, HOWELL, SMITH & LEE, P.C.
        8310 Capital of Texas Hwy., North, Suite 490
        Austin, Texas 78731
        (512) 479-0300
        (512) 474-1901 Facsimile

        By: _____
            Stephen W. Sather
            State Bar No. 17657520

SS:tlh
2760/461

## CERTIFICATE OF SERVICE

By my signature below, I, Stephen W. Sather, certify that true and correct copy the above document, was sent by first class mail to the following parties on this the 27th of March 2002.

Brandon D. Baum
5 Palo Alto Square
300 El Camino Real
Palo Alto, CA 94306-2155

By: _____
Stephen W. Sather

SS:tlh
2760/461